**SIGNED THIS: January 7, 2016**

_____
**Mary P. Gorman
United States Chief Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| In Re ) | |
| ) | Case No. 15-70132 |
| ROBERT J. JORDAN, ) | |
| ) | Chapter 7 |
| Debtor. ) | |
| _____ ) | |
| ) | |
| JEFFREY D. RICHARDSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adversary No. 15-7033 |
| ) | |
| JPMORGAN CHASE BANK, N.A., ) | |
| ) | |
| Defendant. ) | |

# O P I N I O N

The issue before the Court is whether a real estate mortgage obtained by an unlicensed lender is valid and enforceable under Illinois law. The Trustee has filed a complaint to avoid a mortgage held by JPMorgan Chase on the Debtor's residence, claiming that the original lender and mortgagee was unlicensed and therefore the mortgage is void. JPMorgan Chase has responded by filing a motion to dismiss asserting that under controlling Illinois law, even if the original lender was unlicensed, the mortgage remains valid and enforceable. Because JPMorgan is correct and current Illinois law specifically provides that violations of the licensing statute do not result in mortgages obtained by unlicensed lenders being void, the motion to dismiss will be granted.

## I. Factual and Procedural Background

Robert Jordan filed his voluntary petition under Chapter 7 on February 5, 2015. On his Schedule A - Real Property, he disclosed ownership of a residence on Wall Street in Moweaqua, Illinois. On his Schedule D - Creditors Holding Secured Claims, he listed Chase Mortgage as holding a mortgage on the Wall Street property.

JPMorgan Chase Bank ("JPMorgan") filed a motion for relief from stay claiming to be the holder of the mortgage on Mr. Jordan's residence. Attached to the motion were copies of a note and mortgage, both dated October 7, 2011, and identifying the original lender as MONEYWORK$. Also attached to the motion were assignments of the mortgage from MONEYWORK$ to the State Bank of Lincoln and from the State Bank of Lincoln to JPMorgan. After all parties in interest were

given notice and an opportunity to be heard and no objection to the motion was filed, an order was entered on June 8, 2015, granting JPMorgan its requested relief.

On July 7, 2015, Jeffrey D. Richardson, the Chapter 7 Trustee ("Trustee"), filed his adversary complaint against JPMorgan asserting that the original lender, referred to in his complaint as MoneyWorks, was a sole proprietorship owned by an individual, Teresa K. Christman. He claimed that Ms. Christman was not licensed as a mortgage lender in Illinois when the loan to Mr. Jordan was made and that, due to that licensing violation, the mortgage obtained through the transaction was void.

JPMorgan filed its motion to dismiss asserting that Ms. Christman was properly licensed at the time of the transaction and that even if she was not, mortgages granted to unlicensed lenders in Illinois are not invalid. The motion to dismiss has been fully briefed and is ready for decision.

## II. Jurisdiction

This Court has jurisdiction over the issues before it pursuant to 28 U.S.C. §1334. All bankruptcy cases and proceedings filed in the Central District of Illinois have been referred to the bankruptcy judges. CDIL-LR 4.1; 28 U.S.C. §157(a). Actions to determine the validity, extent, or priority of liens are core proceedings. 28 U.S.C. §157(b)(2)(K).

The cause of action at issue here arises solely under Illinois law and not under title 11. The action does not specifically "arise in" this case because the

Trustee will only prevail if he can establish that the Debtor had a valid cause of action under Illinois law to void his mortgage at the time he filed this case. In bringing this action, the Trustee is stepping into the Debtor's shoes rather than relying on his so-called strong-arm powers or his status as bona fide purchaser for value. 11 U.S.C. §544(a). The matter is clearly related to the case as the resolution of the issues presented will impact the administration of the case and determine whether a distribution will be available for unsecured creditors. But "related to" jurisdiction is generally reserved for non-core matters. 28 U.S.C. §157(c)(1). Here, the proceedings are core, and the existence of subject matter jurisdiction is not at issue. Rather, a question arises as to whether this Court has the constitutional authority to enter a final order in the case. *See Stern v. Marshall*, 131 S. Ct. 2594, 2618 (2011).

Bankruptcy courts have exclusive *in rem* jurisdiction over property of the estate. 28 U.S.C. §1334(e). An avoidance action may be undertaken to recover estate property and, when the avoidance action is against a creditor who has filed a claim in the case, the bankruptcy court has constitutional authority to enter a final order resolving the dispute. *See Peterson v. Somers Dublin Ltd.*, 729 F.3d 741, 747 (7th Cir. 2013). Here, however, JPMorgan has not filed a claim. And the full scope of what is or is not a *Stern* claim that a bankruptcy court lacks constitutional authority to fully and finally adjudicate has not been precisely defined. Thus, this Court is concerned that because of the unique nature of the avoidance action presented here, the cause of action resembles the type of state-law contract claim that has been held to be outside of a bankruptcy court's

constitutional authority to finally adjudicate. *See Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 56 (1989).

The fix for questions regarding the constitutional authority of a bankruptcy court to adjudicate a pending matter is consent by both parties. *Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1944-45 (2015). Consent to the entry of a final order where constitutional authority is not present or is questionable must be knowing and voluntary but need not be express; consent may be implied. *Id.* at 1948. Here, the Court finds that both the Trustee and JPMorgan have impliedly consented to this Court's entry of a final order. The Trustee filed his complaint raising no questions regarding the Court's constitutional authority to enter the final order he requested in the complaint. Likewise, JPMorgan's motion to dismiss asks the Court to enter a final order of dismissal. A final order will be entered based on the implied consent of both parties.

### III. Legal Analysis

JPMorgan's motion to dismiss asserts that the Trustee has not stated a claim upon which relief can be granted and, therefore, the complaint should be dismissed. Fed. R. Civ. P. 12(b)(6); Fed. R. Bankr. P. 7012. In order to withstand a motion to dismiss, a complaint must allege enough facts to plausibly suggest a claim for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint must provide a defendant with fair notice of the claim being made and the grounds for the relief requested. *Id.* at 555. And a complaint should plausibly suggest that the plaintiff has a right to relief by providing allegations that raise the

right to relief above the speculative level. *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). If a complaint includes only labels and conclusions or formulaic recitations of the elements of a cause of action, it is insufficient and may be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). But regardless of the quantity of facts alleged, the cause of action that is being asserted must actually exist under applicable law. Where the alleged cause of action is not recognized, a complaint is properly dismissed. *Teamsters Local Union No. 705 v. Burlington Northern Santa Fe, LLC*, 741 F.3d 819, 826 (7th Cir. 2014); *Neil v. Kovitz Shirfrin Nesbit*, 2014 WL 4897315, at *4 (N.D. Ill. Sept. 27, 2014); *Guarantee Trust Life Ins. v. Insurers Administrative Corp.*, 2010 WL 3834026, at *3 (N.D. Ill. Sept. 24, 2010).

In his complaint, the Trustee identified his cause of action as being brought under the Illinois Residential Mortgage License Act ("RMLA"). 205 ILCS 635/1-1. The RMLA provides in part that "[n]o person, partnership, association, corporation or other entity shall engage in the business of brokering, funding, originating, servicing or purchasing residential mortgage loans without first obtaining a license[.]" 205 ILCS 635/1-3(a). In creating the RMLA, the Illinois legislature found that licensing of mortgage lenders was necessary "for the protection of the citizens" of Illinois and to create stability in the Illinois economy. 205 ILCS 635/1-2. Enforcement of the RMLA is generally undertaken by the Secretary of Financial and Professional Regulation with assistance from the Attorney General, and the failure to comply with the licensing requirements of the RMLA may result in an injunction compelling compliance and the imposition of fines in amounts up to

$25,000. 205 ILCS 635/1-3(a),(c),(e). Although the original RMLA was silent as to the existence of a private right of action to enforce the licensing requirements, on July 23, 2015, the RMLA was amended to provide:

> A mortgage loan brokered, funded, originated, serviced, or purchased by a party who is not licensed under this Section shall not be held to be invalid solely on the basis of a violation under this Section. The changes made to this Section by this amendatory Act of the 99th General Assembly are declarative of existing law.

205 ILCS 635/1-3(e); 2015 Ill. Legis. Serv. P.A. 99-113 (H.B. 2814).

The amendment to the RMLA appears to have been prompted by a 2014 decision by the Appellate Court of Illinois that held that a mortgage made by an unlicensed lender "is void as against public policy."[1] *First Mortgage Co., LLC v. Dina*, 2014 IL App (2d) 130567, ¶21, 11 N.E.3d 343, 348 (Mar. 31, 2014), appeal denied 20 N.E.3d 1253 (Ill. Sept. 24, 2014). The Trustee relied on the holding in *Dina* when he filed his complaint several weeks before the RMLA was amended. He claims that, notwithstanding the statutory amendment that purports to negate the effect of the *Dina* holding, he is entitled to rely on *Dina* because it was the controlling law when his complaint was filed. JPMorgan says that the Trustee cannot state a cause of action relying on *Dina* because the July 2015 amendment clarified that no private right of action ever existed to remedy licensing violations.

---

[1] There is little legislative history available regarding the amendment; the amendment moved through the legislative process without debate or objection. But it is a fair to say that the *Dina* decision prompted the amendment. The amendment's sole provision clarifies that mortgages made by unlicensed lenders are not void, and that provision directly abrogates the *Dina* holding. Further, the amendment was initially filed for legislative consideration in February 2015, just five months after the Illinois Supreme Court denied a request for leave to appeal the *Dina* decision.

And in any event, JPMorgan says that Ms. Christman was properly licensed and that the proof she was licensed is so obvious that the dispute can be decided through a motion to dismiss.

When considering a motion to dismiss under Rule 12(b)(6), a court must review the complaint in the light most favorable to the plaintiff, and well-pleaded facts must be accepted as true. *Williams v. Ramos*, 71 F.3d 1246, 1250 (7th Cir. 1995); Fed. R. Civ. P. 12(b)(6). Generally, factual disputes cannot be resolved through a motion to dismiss because a court's consideration is limited to matters set forth in the pleadings. But judicial notice of historical documents, documents contained in the public record, and reports of administrative bodies may be proper when deciding a motion to dismiss. *Menominee Indian Tribe of Wisconsin v. Thompson,* 161 F.3d 449, 456 (7th Cir. 1998).

Here, JPMorgan asks the Court to take judicial notice of a printout from the website of the Illinois Department of Financial & Professional Regulation ("IDFPR") labeled "Licensee Search." The document refers to the entity "Moneyworks" and identifies the contact person as "Teresa K. Christman d/b/a/ MONEYWORK$." The document shows the issue date for the license in question as March 6, 2000, and the expiration date as December 31, 2013. JPMorgan claims that the printout provides unassailable evidence that Ms. Christman was a licensed mortgage lender from 2000 until 2013.

The Trustee has countered JPMorgan's assertions about Ms. Christman's license by pointing out that the IDFPR printout makes no representation that Ms. Christman was continuously licensed throughout the period in question. He also

suggests that information from the website of the Nationwide Mortgage Licensing System ("NMLS") provides more details about particular licenses and notes that the IDFPR website contains a link to the NMLS website with the suggestion that it be consulted for additional information. The Trustee attached to his response to the motion to dismiss a copy of a printout from the NMLS website showing the same license number and beginning and ending dates for Ms. Christman's license as shown on the IDFPR website. But the NMLS printout also shows periods of time when Ms. Christman's license was not active and she was not authorized to conduct business. According to the NMLS document, Ms. Christman was not an authorized mortgage lender during the period of June 7, 2011, through February 13, 2012. As the mortgage at issue here was signed on October 7, 2011, the NMLS printout raises a serious question of fact as to whether Ms. Christman was licensed at the time of the mortgage transaction with Mr. Jordan.

In its reply brief, JPMorgan does not respond to the Trustee's allegations regarding the additional information from the NMLS website and apparently concedes that a factual dispute exists about Ms. Christman's license that cannot be resolved simply by reviewing the IDFPR's website. Thus, for purposes of the motion to dismiss, this Court must consider the well-pleaded facts of the Trustee's complaint as true. In considering the matter before it, this Court must assume that Ms. Christman was not a licensed mortgage lender on October 7, 2011, when she obtained the mortgage from Mr. Jordan now held by JPMorgan.

JPMorgan argues that even if Ms. Christman was not properly licensed when she obtained the mortgage from Mr. Jordan, the remedy for the licensing

violation is not avoidance of the mortgage. Thus, JPMorgan says that the Trustee cannot state a cause of action to avoid the mortgage and the case must be dismissed. Relying on *Dina*, the Trustee disagrees and argues that the amendment to the RMLA is not applicable here.

In deciding issues of state law, a federal court should follow the decisions of the highest court of the state and, in the absence of such authority, should predict how the highest court would rule and decide the case in the same way. *MindGames, Inc. v. Western Publishing Co., Inc.*, 218 F.3d 652, 655-56 (7th Cir. 2000). In making the prediction of how the highest court would rule, bankruptcy courts may consider "'all relevant data' including 'state appellate decisions, . . . state supreme court *dicta,* restatements of law, law review commentaries, and the majority rule among other states.'" *Drown v. Perfect* (*In re Giaimo*), 440 B.R. 761, 769 (B.A.P. 6th Cir. 2010). But when an appellate court has ruled directly on the issue, that decision should control the prediction unless there are "persuasive indications" that the supreme court would "decide the issue differently." *Allen v. Transamerica Ins. Co.,* 128 F.3d 462, 466 (7th Cir. 1997).

*Dina* was a case of first impression in Illinois and the Illinois Supreme Court denied the defendant's request for leave to appeal. *Dina,* 20 N.E.3d at 1253. Although one might assume that the denial of the request for leave to appeal was a signal of the Illinois Supreme Court's approval of the lower court decision, the Illinois Supreme Court has made clear that such denials "carry no connotation of approval or disapproval of the appellate court action, and signify only that four members of this court, for reasons satisfactory to them, have not voted to grant

leave." *People v. Vance*, 76 Ill. 2d 171, 183, 390 N.E.2d 867, 872 (1979).

There are no other Illinois Supreme Court or appellate court cases that are on point to the issue raised here. In the absence of any Illinois case law other than *Dina* addressing the issue of the validity of a mortgage obtained by an unlicensed lender, this Court would be inclined to allow the *Dina* holding to control the prediction of how the Illinois Supreme Court would rule on the issue. *See In re Nothdurft*, 521 B.R. 640, 643 (Bankr. C.D. Ill. 2014) (sole Illinois appellate court decision on point controls prediction notwithstanding criticism of the decision by several bankruptcy courts). But the absence of Illinois case law contrary to *Dina* is not enough to control the prediction under the circumstances presented here. The Illinois legislature amended the RMLA to abrogate the *Dina* holding. Determining the applicability of the amendment to these proceedings impacts the outcome here.

The Trustee asserts that, because Mr. Jordan filed his bankruptcy in February 2015 and the Trustee filed his complaint against JPMorgan several weeks before the amendment was passed, the amendment does not apply in this case. The Trustee claims that he had a vested right in his cause of action against JPMorgan before the amendment became effective that cannot be divested retroactively by the amendment. JPMorgan argues to the contrary that, because the amendment clarified existing law, it applies here, and the amendment supports a finding that the Trustee does not have—and never did have—a cause of action to avoid its mortgage on Mr. Jordan's property. Both parties agree that the key to resolving their dispute is determining whether the amendment changed

the law or simply clarified existing law. And again, the analysis requires predicting how the Illinois Supreme Court would rule on the issue.

Generally, under Illinois law, an amendment to a statute is presumed to have been intended to change the law. *People v. Parker*, 123 Ill. 2d 204, 211, 526 N.E.2d 135, 138 (1988). But the presumption is rebutted when the circumstances indicate that the legislature intended to interpret or clarify existing law rather than substantively change it. *Id.* In determining the intent of the legislature, courts should consider whether the legislature declared its intent to clarify rather than change existing law, whether a conflict or ambiguity regarding the law existed at the time of the amendment, and whether the amendment is "consistent with a reasonable interpretation of the prior enactment and its legislative history." *K. Miller Const. Co., Inc. v. McGinnis*, 238 Ill. 2d 284, 299, 938 N.E.2d 471, 481 (2010) (citing *Middletown v. City of Chicago*, 578 F.3d 655, 663-64 (7th Cir. 2009)).

The first *K. Miller* factor clearly weighs in favor of JPMorgan here because the amendment contains an express statement that it is "declarative of existing law." 205 ILCS 635/1-3(e). The second factor also supports JPMorgan's position. The legislature decided shortly after the Illinois Supreme Court denied the request for leave to appeal that the *Dina* holding conflicted with the original intent of the RMLA. The legislature acted promptly to resolve that conflict and, in doing so, avoided the potential of a split of authority arising among the appellate courts.

The final factor also supports JPMorgan. The original statute contains specific provisions for the enforcement of the licensing requirements and vests the authority to enforce the law in the Secretary of Financial and Professional

Regulation. 205 ILCS 635/1-3. No mention is made in the statute of a private right of action to enforce the licensing requirements. Likewise, the remedies for violation of the licensing requirements are specifically set forth and include fines payable to the State and injunctive relief. *Id.* No mention is made of any private remedies such as the avoidance of mortgages obtained by unlicensed lenders.

When the original RMLA was called for a final vote in the Senate, the sponsoring Senator stated: "We are not attempting to put anyone out of business really, this is an oversight Act. In terms of the specificity of the provisions, it does give the savings and loan commissioner the right to investigate." 85th Ill. Gen. Assem., Senate Proceedings, June 29, 1987, at 179-80, (statement of Senator Keats on SB 1297), http://ilga.gov/Senate/transcripts/Strans85/ST062987.pdf (last visited Jan. 7, 2016). This legislative history squares with the declaration in the 2015 amendment to the RMLA that existing law does not provide that mortgages granted to unlicensed lenders are invalid solely on the basis of a violation of the RMLA. All relevant factors suggest that the 2015 amendment to the RMLA did not change the law in existence at the time but rather clarified what that law was.

The Illinois Supreme Court has liberally applied the factors used in determining whether a statutory amendment clarifies or changes a law. In *K. Miller*, the Court reviewed an amendment to the Home Repair and Remodeling Act ("Act") that removed a provision stating that it was "unlawful" to begin work on a remodeling project costing more than $1000 before signing a written contract and added a provision stating that remedies for violations of the Act were to be sought

under the Consumer Fraud and Deceptive Business Practices Act. *K. Miller*, 238 Ill. 2d at 298, 938 N.E.2d at 481. Although it found that the legislature had "entirely rewritten" the relevant provisions of the Act, the Illinois Supreme Court nevertheless held that the statutory amendments were a "clarification of the prior statute and must be accepted as a legislative declaration of the meaning of the original Act." *Id.* at 481-82. The July 2015 amendment to the RMLA was much more limited than the amendments at issue in *K. Miller*. Based on the analysis in *K. Miller*, this Court must predict that the Illinois Supreme Court would find the 2015 amendment to the RMLA was a clarification of existing law that must be applied in this case to determine that the Trustee cannot state a cause of action against JPMorgan relying on the *Dina* holding.

In support of his position, the Trustee relies heavily on *Gifford State Bank v. Richardson (In re Crane)*, 487 B.R. 906 (C.D. Ill. 2013), aff'd 742 F.3d 702 (7th Cir. 2013). The Trustee claims that *Crane* holds that a Chapter 7 trustee's rights in estate property vest upon the commencement of a case and cannot be changed by amendments to state law. But the Trustee misstates *Crane*'s holding. In *Crane*, the District Court reviewed an amendment to the Illinois Conveyances Act that had taken effect after the bankruptcy court had ruled in favor of the Trustee but before the District Court had ruled on an appeal of the bankruptcy court order. *Id.* at 915. The *Crane* court actually held that while a trustee's rights generally cannot be modified after they have vested, the amendment to the Conveyances Act "clarifies, rather than alters" the statute and therefore the amendment was "persuasive authority" that reinforced that District Court's decision to reverse the

bankruptcy court. *Id.* The District Court found that the amendment was applicable to the appeal even though it had become effective after the bankruptcy court had entered the order it was reviewing. *Crane* provides no support for the Trustee's arguments here.

The Trustee has attempted to state a cause of action in his complaint alleging that, because the original lender who obtained the mortgage now held by JPMorgan was unlicensed, the mortgage obtained was void. But that cause of action does not exist under Illinois law. 205 ILCS 635/1-3(e). The 2015 amendment to the RMLA clarified rather than changed the law in that regard, and this Court predicts that the Illinois Supreme Court would agree. The motion to dismiss of JPMorgan must be granted.

## IV. Conclusion

When the Trustee filed his complaint against JPMorgan, he had every reason to believe that he was alleging a valid and legally recognized cause of action. But the RMLA was, at the time, the subject of an amendment pending before the Illinois legislature. When the amendment passed and became effective during the pendency of this case, it clarified that mortgages obtained by unlicensed lenders are not void solely because of the licensing violation. This clarification undercut the Trustee's position and rendered his cause of action invalid. The Illinois Supreme Court has liberally allowed and recognized the authority of the legislature to make clarifying amendments to statutes and, because the cause of action at issue here is based solely on Illinois law, this Court

must decide this case based on Illinois precedent.

There is no cause of action in Illinois to void a mortgage solely on the basis that the lender was unlicensed at the time of the transaction. JPMorgan's motion to dismiss will be granted.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

###